IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK RICH,

      Plaintiff,

vs.                                                                              NO. CIV 07-1182 RB/DJS

IN-POSITION TECHNOLOGIES, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to File First Amended Complaint. Jurisdiction arises under 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, the Court grants Plaintiff leave to file his amended complaint.

**I.     Background.**

On September 5, 2007, Plaintiff Mark Rich filed this lawsuit in New Mexico state court. Plaintiff asserts two claims arising out of his employment with In-Position Technologies, LLC. First, he alleges that he entered into an employment contract with In-Position that was breached by his termination from the Company and, second, he alleges that In-Position made misrepresentations of material fact to induce him to move from New Jersey to accept employment in New Mexico. Defendant removed the case to this Court on November 20, 2007.

On February 5, 2008, counsel for the parties jointly submitted the Joint Status Report and Provisional Discovery Plan (hereinafter "JSR") to the Court (Doc. 5). In the JSR, Plaintiff represented that he had no intention of filing any amendments to the pleadings or seeking joinder of any additional parties. The parties jointly agreed that Plaintiff would be allowed until April 21, 2008 to amend the pleadings and until May 20, 2008 to join additional parties (Doc. 5). On

March 3, 2008, however, the Court entered a scheduling order, which did not incorporate the parties' proposed dates for amending the pleadings or joining additional parties.  Instead, the scheduling order mandated that "[p]retrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by September 8, 2008" (Doc. 11).

Plaintiff seeks to amend his complaint in order to name Neil Jacques, the owner of In-Position, and Bryan Kelly, Plaintiff's direct supervisor at In-Position, as additional defendants, in their individual capacities. Plaintiff argues that he failed to join these parties earlier because he did not know of the role they played in misrepresenting to him the terms of his employment. Plaintiff claims that he first learned of the role Mr. Jacques and Mr. Kelly played in the alleged tort after deposing them on May 21, 2008. Six weeks later, on July 2, 2008, Plaintiff filed his motion to amend the complaint.

Defendant argues that Plaintiff's motion is untimely, futile, and without good cause. Defendant further argues that Plaintiff's reasons for waiting to join Mr. Jacques and Mr. Kelly are disingenuous, specifically pointing to the deposition of the Plaintiff, Mr. Rich, on May 15, 2008, to highlight his knowledge of and frequent interaction with Mr. Jacques and Mr. Kelly during the events that gave rise to this litigation.

**II.     Discussion.**

Plaintiff's motion to amend the complaint was filed on July 2, 2008, prior to the September 8, 2008 deadline for filing "[p]retrial motions, other than discovery motions." (Doc. 11).  In the absence of more specific provisions, the general framework of "[p]retrial motions, other than discovery motions," includes motions to amend the pleadings and join other parties.[1]

---

[1] This interpretation of the scheduling order is all the more compelling when viewed in light of the requirements of Rule 16(B)(3)(A).

Plaintiff's motion to amend the complaint, therefore, is timely and only subject to scrutiny under Rule 15(a).

Pursuant to Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982). This Court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Plaintiff's Motion to File First Amended Complaint is timely and there is no showing of undue prejudice to the Defendant, this Court's primary inquiry is whether the amendments are futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999)).

The New Mexico Supreme Court has held that officers and employees of a corporation cannot be held personally liable for tort damages where the nature of the claim resulted solely from the employer-employee relationship and the relevant employees and officers were acting within the scope and course of their employment. *See Bourgeous v. Horizon Healthcare Corporation*, 117 N.M. 434, 437, 872 P.2d 852, 855 (1994); *See also Stinson v. Berry*, 123 N.M. 482, 487, 943 P.2d 129, 134 (N.M. Ct. App. 1997). Officers or employees of corporations,

however, can be held personally liable when they commit intentional torts. *Bourgeous*, 117 N.M. at 437, 872 P.2d at 855. To the extent that Plaintiff is claiming fraud in the inducement of the employment contract due to the alleged misrepresentation, his amended complaint is not futile. The allegation of misrepresentation is sufficiently specific to satisfy rules of pleading for a claim of fraud in the inducement. *See Maxey v. Quintana*, 84 N.M. 38, 40, 499 P.2d 356, 359 (Ct. App. 1972).

### III.     Conclusion.

Plaintiff's motion to amend the complaint is timely and not necessarily futile. The Court, therefore, should freely grant leave to the Plaintiff to file his amended complaint.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File First Amended Complaint is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**