**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARK RICH,**

      **Plaintiff,**

vs.                                                   **No. CIV 07-1182 RB/DJS**

**IN-POSITION TECHNOLOGIES, LLC,**
**NEIL JACQUES, individually, and**
**BRYAN KELLY, individually,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendants' Motion for Summary Judgment. Jurisdiction is founded upon 28 U.S.C. § 1332. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendants' Motion for Summary Judgment is **GRANTED**.

**I.   Background.**

Defendant In-Position Technologies, LLC is an automation distribution company that provides sales and services of motion control systems. Defendant Neil Jacques is the President of In-Position, and Defendant Bryan Kelly is the Company's Regional Sales Manager. On July 11, 2006, Plaintiff Mark Rich contacted Mr. Jacques to inquire about potential employment with In-Position in Albuquerque. In the course of the next week, Mr. Jacques and Mr. Kelly called Mr. Rich to inform him that a Sales Engineer position in Albuquerque had opened up and interviewed him for the position.

On July 19, 2006, Mr. Kelly sent an email to Mr. Rich, which stated: "I have attached a potential offer–that will give you a good idea of compensation if/when we agree you are the guy to take over in NM." Attached to the email from Mr. Kelly was a spreadsheet, a true and accurate copy

of which is attached to Plaintiff's First Amended Complaint. In the spreadsheet, there were three columns labeled Year One, Year Two, and Year X. Above the columns labeled Year Two and Year X is the phrase "Estimated." The following components of the proposed compensation are consistent in all three columns outlined in the spreadsheet: Base Salary of $32,000, Commission of 20% of Gross Profits, Auto Allowance of $7,200, and Benefits of $2,000 in Premium Medical Coverage and 401K Match of 3%. To the right of the heading "First Year Guarantee" is listed $90,000 in Year One and the phrase "N/A" in Year Two and Year X. The $90,000 amount was inclusive of commissions paid and base salary. To the right of the heading "Paid as salary every 2 weeks" is listed $3,461.54 in Year One and $1,230.77 in Year Two and Year X. The spreadsheet also lays out estimated amounts of commission paid quarterly for Year One, Year Two, and Year X.

On August 4, 2006, Mr. Rich came to Albuquerque for an interview with Mr. Jacques and Mr. Kelly. At some time between August 4, 2006 and August 10, 2006, Mr. Rich received and formally accepted an offer of employment from In-Position as a Sales Engineer in Albuquerque. Mr. Rich began working for In-Position on September 5, 2006. On January 14, 2007, Mr. Kelly informed Mr. Rich that his employment with In-Position was being terminated because of his lack of technical knowledge.

On September 5, 2007, Mr. Rich filed this lawsuit in New Mexico state court. In-Position removed the case to this Court on November 20, 2007. Mr. Rich alleges that he entered into an employment contract with In-Position that was breached by his termination from the Company. Mr. Rich further alleges that In-Position, Mr. Kelly, and Mr. Jacques negligently or, in the alternative, fraudulently misrepresented material facts regarding terms of employment, including compensation and length of commitment. On September 8, 2008, Defendants filed their Motion for Summary

Judgment.

## II. Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotations omitted). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations omitted). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific

facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164.  It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003).  The substantive law at issue determines which facts are material in a given case.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

**III.    Discussion.**

    **A.  Breach of Contract Claim.**

In New Mexico, employment without a definite term is presumed to be at will. *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc.*, 131 N.M. 607, 615, 41 P.3d 333, 341 (N.M. 2001).  In an at will employment relationship, both the employer and the employee have the right to terminate the employment relationship at any time and for any reason, without liability. *Hartbarger v. Frank Paxon Co.*, 115 N.M. 665, 668, 857 P.2d 776, 779 (N.M. 1993).  New Mexico courts have allowed an exception to the at will employment rule when there is an implied contract arising out of an employer's promise not to fire an employee except for just cause. *Garrity v. Overland Sheepskin Co. of Taos*, 121 N.M. 710, 713, 917 P.2d 1382, 1385 (N.M. 1996).  An implied contract modifying the at will presumption does not require additional consideration or mutual assent. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 426-27, 773 P.2d 1231, 1233-34 (N.M. 1989).  Indeed, a promise or offer that supports an implied contract might be found in written representations, such as an employee handbook, in oral representations, in the conduct of the parties, or in a combination of representations and conduct. *See Id*. (noting that the totality of the parties' relationship,

circumstances, and objectives are to be considered in determining whether the presumption of at will employment has been rebutted).  Nevertheless, to create contractual rights, the terms of the representations must be sufficiently explicit to create a reasonable expectation of an implied contract. *Garrity*, 121 N.M. at 713, 917 P.2d at 1385.

Mr. Rich contends that the spreadsheet laying out his compensation at In-Position–especially the phrase "First Year Guarantee" and the fact that three periods of employment were set forward, Year One, Year Two, and Year X–and a representation from Mr. Jacques–i.e., if Mr. Rich maintained sales and managed the territory right, he had nothing to worry about regarding his employment with In-Position–altered his at will employment status.  However, these representations are not sufficiently explicit to create a reasonable expectation of an implied contract. *Garrity*, 121 N.M. at 713, 917 P.2d at 1385.  Indeed, Mr. Rich's expectation that his at will employment status was altered by the spreadsheet is not objectively reasonable. See *Hartbarger*, 115 N.M. at 672, 857 P.2d at 783.  The spreadsheet was sent by Mr. Kelly with the expressed intention of giving Mr. Rich "a good idea of compensation" (Doc. 40-6).  The only guarantee contained in the document was a guaranteed commission schedule for the first year, payable every two weeks as part of salary (Doc. 45-2).  In practical terms, the spreadsheet was merely a statement of compensation and did not provide any guarantees that a reasonable person could interpret as altering Mr. Rich's at will employment status.  Similarly, Mr. Rich's reliance on Mr. Jacques' conditional statement of his anticipation that Mr. Rich's employment relationship with In-Position would be long term cannot reasonably be interpreted as altering Mr. Rich's at will employment status.  An employer is not contractually obligated by "vague and ambiguous references to long term employment." *Kiedrowski v. Citizens Bank*, 119 N.M. 572, 576, 893 P.2d 468, 472 (N.M. App. 1995); *Hartbarger*, 115 N.M. at 674, 857 P.2d at 785 (finding vague promises to an employee–that "as long as he kept up his sales

and took care of what he was doing he would not have anything to worry about"–did not change the at will employment relationship).  Because Mr. Rich has not rebutted the legal presumption of an at will employment contract, his breach of contract claim fails as a matter of law.

A reasonable jury could not find an implied contract arising out of the totality of the circumstances surrounding Mr. Rich's relationship with In-Position.  *See Newberry*, 108 N.M. at 426-27, 773 P.2d at 1233-34.  Mr. Rich testified that he did not have any discussion with Mr. Jacques or Mr. Kelly about his employment at In-Position being other than at will (Doc. 40-3).  Mr. Rich testified that he did not have any discussions with Mr. Jacques or Mr. Kelly regarding limitations that In-Position would have on terminating him (Doc. 40-3).  Mr. Rich testified that he did not believe there were any limitations on his ability to resign from In-Position at any time (Doc. 40-3).  The In-Position employee handbook expressly states: "Employment with the Company is at will.  This means that you or the Company can terminate your employment for any reason or no reason at any time with notice.  Any modification with respect to the term of your employment must be made in writing and signed by the President of the Company" (Doc. 40-10).[1]  Mr. Rich testified that he did not have a written employment contract and that he did not have any document signed by Mr. Jacques, the President of In-Position, that altered his at will employment status (Doc. 40-3).  Mr. Rich has failed to demonstrate the existence of an implied contract altering his presumed at will employment status; therefore, his breach of contract claim fails as a matter of law. *Hartbarger*, 115 N.M. at 672, 857 P.2d at 783.

   **B.  Misrepresentation Claim.**

---

[1]While there is no evidence that Mr. Rich was given a copy of the In-Position employee handbook, publication of the employee handbook is sufficient for purposes of the Court's analysis in this case. *See McGinnis v. Honeywell, Inc.*, 110 N.M. 1, 5, 791 P.2d 452, 456 (N.M. 1990).

Mr. Rich has failed to demonstrate a genuine issue for trial on his claims against In-Position, Mr. Jacques, and Mr. Kelly for misrepresentation. Because Defendants have asserted that Plaintiff has no evidence for his negligent misrepresentation and fraudulent misrepresentation claims, Mr. Rich has the burden of setting forth specific facts showing there is a genuine issue for trial as to his claims for misrepresentation. See *Munoz,* 221 F.3d at 1164. A false representation of material fact is an element of the torts of negligent misrepresentation and fraudulent misrepresentation; therefore, Mr. Rich must demonstrate that there is a genuine issue of material fact as to whether In-Position, Mr. Jacques, or Mr. Kelly made false representations of material fact to him regarding the terms of his employment. *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 761, 750 P.2d 118, 122 (N.M. 1988) (negligent misrepresentation); *Telman v. Galles*, 41 N.M. 56, 59, 63 P.2d 1049, 1052 (N.M. 1936) (fraudulent misrepresentation). Mr. Rich, however, has failed to provide any evidence that In-Position, Mr. Jacques, or Mr. Kelly made false or fraudulent representations of material fact to him regarding the terms of his employment with In-Position. Contrary to the tenor of Mr. Rich's argument, In-Position, Mr. Jacques, and Mr. Kelly had no duty to inform him of his presumed legal status as an at will employee. *See Trujillo*, 131 N.M. at 615, 41 P.3d at 341. Furthermore, as stated previously, Mr. Rich's stated interpretation of the spreadsheet and the conditional statement from Mr. Jacques of an expected long term employment relationship are not objectively reasonable and, therefore, cannot serve as grounds for a claim of misrepresentation. *See Kiedrowski*, 119 N.M. at 575, 893 P.2d at 471. Mr. Rich's claim of misrepresentation, therefore, fails as a matter of law.

**IV.   Conclusion.**

Mr. Rich has failed to demonstrate the existence of an implied contract altering his presumed status as an at will employee, and he has failed to provide any evidence that In-Position,

7

Mr. Jacques, or Mr. Kelly made any false or fraudulent representations of material fact. Mr. Rich's claims for breach of contract and misrepresentation, therefore, fail as a matter of law.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**